<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DALE CRAWFORD, | : | |
| Plaintiff, | : | Civ. No. 04-4094 (GEB) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | **OPINION** |
| Defendant. | : | |

This matter comes before the Court upon Defendant Commissioner of Social Security's ("Defendant") Motion to Dismiss the complaint for lack of jurisdiction. The Court decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted.

**I.     BACKGROUND**

This action arises from the denial of Social Security disability and Supplemental Security Income disability benefits. On April 9, 2003, Plaintiff filed a request for an administrative hearing. Plaintiff was notified that a hearing was scheduled for November 20, 2003. (Def.'s Br. at 2). The day before the hearing, Plaintiff's representative contacted the Hearing Office to request a postponement because Plaintiff was experiencing chest pains and was admitted to the hospital. The Administrative Law Judge ("ALJ") granted a postponement under the condition that Plaintiff provide the ALJ with hospital records. Plaintiff was informed that failure to submit records may result in dismissal of his request for a hearing. (*Id.*).

Plaintiff failed to forward the records, and a letter was sent to Plaintiff's representative

advising her that Plaintiff's claim may be dismissed. On December 23, 2003, Plaintiff's representative requested a sixty day extension to submit the records. The extension was granted by the ALJ and was confirmed by letter. On March 4, 2004, the ALJ issued a Notice of Dismissal based on Plaintiff's failure to comply with the requirement of substantiating the postponement with medical records. Plaintiff was informed of his right to request review by the Appeals Council within sixty days of the receipt of the Notice of Dismissal. Four days later, Plaintiff's attorney submitted a letter to the ALJ requesting reconsideration. On March 24, 2004, the ALJ found that Plaintiff provided no good cause to substantiate the postponement of the hearing or to vacate the dismissal. (*Id.*).

On May 2, 2004, Plaintiff filed a request for review of the ALJ's dismissal. (Pl.'s Opp'n, Ex. 1). On June 22, 2004, the Appeals Council denied the request. (*Id.*, Ex. 2). The Appeals Council noted that Plaintiff had been granted two extensions to submit the medical records. The Appeals Council further noted that the hearing office did not receive the records until after the Order of Dismissal was entered. Additionally, the records indicated that Plaintiff was never admitted to the hospital, but went to the emergency room and was discharged the same day. Thus, the Appeals Council concluded that there was no basis for vacating the ALJ's Order of Dismissal. (*Id.*).

Plaintiff then filed this action in this Court, alleging that "Plaintiff was wrongfully denied of his right to a hearing before an [ALJ]." (Compl. at 1). Plaintiff seeks a finding that he is entitled to disability benefits, or that the case be remanded for an administrative hearing.

**II.    DISCUSSION**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's "authority or competence to hear and decide the case before it." 5B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1350 (Thomson/West 2004); *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885-86 (3d Cir. 1997). In the absence of subject matter jurisdiction, this Court is without power to hear the case. Unlike state courts, the federal courts are courts of limited jurisdiction. The party asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper. *Packard v. Provident Nat'l Bank, N.A.*, 994 F.2d 1039, 1045 (3d Cir. 1993). Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction. *See Pa. Nurses Ass'n v. Pa. State Educ. Ass'n*, 90 F.3d 797, 801 (3d Cir. 1996) (citations omitted). In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact. *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir.1990).

There are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (citations omitted). Under a facial attack, the allegations of the complaint are taken as true. *Id.* (citations omitted). In a motion attacking the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations in the complaint. *Id.* (citations omitted).

In the present case, Defendant challenges the existence of subject mater jurisdiction.

3

Defendant asserts that this Court lacks jurisdiction based on Plaintiff's failure to exhaust his administrative remedies. Defendant argues that Plaintiff never received a "final decision" by the Commissioner, and therefore Plaintiff may not seek judicial review by this Court. In response, Plaintiff contends that he did exhaust his administrative remedies by filing an appeal with the Appeals Council, which was subsequently denied on June 22, 2004.[1] In essence, Plaintiff argues the Appeals Council's denial serves as a "final decision" by the Commissioner. Thus, the main inquiry becomes whether a "final decision" was rendered by the Appeals Council.

The Social Security Act ("Act") provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. 402(g). The Act fails to define a "final decision." Thus, its meaning is left to be defined by regulation. *Bacon v. Sullivan*, 969 F.2d 1517, 1520 (3d Cir. 1992). The regulations describe the administrative review process by which an individual receives a "final decision." At the first step, an initial determination is made with regard to entitlement to benefits. 20 C.F.R. § 404.900(a)(1). If the individual is dissatisfied with the initial determination, the individual may request reconsideration. 20 C.F.R. § 404.900(a)(2). If the individual is dissatisfied with the reconsideration determination, he may request an administrative hearing. 20 C.F.R. § 404.900(a)(3). The regulations also allow an ALJ to dismiss a request for a hearing if the individual or his representative fail to appear at the hearing, and if the individual is notified of the potential of dismissal if no good cause is shown for failure to appear. 20 C.F.R. § 404.957(b)(1)(i). The individual may then request

---

[1] The Court notes that Plaintiff filed an untimely opposition brief. Plaintiff's brief was due on March 6, 2005. However, this Court did not receive it until May 10, 2005. In the interest of resolving this matter on the merits, the Court will consider Plaintiff's opposition brief.

review by the Appeals Council if dissatisfied with the ALJ's decision. 20 C.F.R. § 404.900(a)(4). The regulations further provide that once these steps are completed, the Appeals Council will have made a "final decision," and the individual "may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5).

The Third Circuit explored the meaning of "final decision" in *Bacon v. Sullivan*, 969 F.2d 1517 (3d Cir. 1992). In *Bacon*, the plaintiff filed an untimely request for review of the ALJ's decision with the Appeals Council. *Id.* The Appeals Council dismissed the request. The plaintiff then sought judicial review in district court. Defendant argued that the court lacked subject matter jurisdiction to hear the case because the Appeals Council's denial of review was not a "final decision" within the meaning of 42 U.S.C. § 402(g). The court agreed and adopted the majority view that "Appeals Council decisions not to review untimely appeals are not 'final decisions,' and hence are not subject to judicial review." *Id.* at 1520-21. The court arrived at this conclusion after examining the regulations governing the administrative review process. In particular, the court considered the regulation which provides that "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. § 404.972. The court rejected the plaintiff's interpretation of the provision – that "such a dismissal constitutes a final decision by the Secretary." *Bacon*, 969 F.2d at 1520. Instead, the court ultimately concluded that the dismissal of the request became "unreviewable." *Id.*; *see also Banks v. Chater*, 949 F. Supp. 264 (D.N.J. 1996) (holding that the court lacked subject matter jurisdiction to review "the denial by the Appeals Council of the Social Security Administration to review a decision by an [ALJ] which found no 'good cause' for plaintiff's untimely filing of appeal and thus dismissed plaintiff's request for a hearing.").

5

Based on the regulations and the rationale set forth in *Bacon*, this Court concludes that it lacks jurisdiction to review this case. An administrative hearing was never held. The Appeals Council's decision denying Plaintiff's request to review the ALJ's dismissal was based on a finding that no good cause existed for postponement of the hearing. Plaintiff failed to provide the ALJ with the required medical records which led to the dismissal. Plaintiff's failure to comply with this requirement during the administrative review procedure is akin to the plaintiff's failure in *Bacon* to file a timely appeal. Thus, Defendant's decision is "unreviewable" by this Court.

Consequently, this Court does not have jurisdiction to review this case because a "final decision" subject to judicial review was never rendered by the Appeals Council. Defendant's motion is granted.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of jurisdiction is granted. An appropriate form of Order accompanies this Memorandum Opinion.

Dated: May 24, 2005

                 s/ Garrett E. Brown, Jr.
                GARRETT E. BROWN, JR., U.S.D.J.